UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERRY LANGSTAFF, ET AL., <br><br> Petitioners, <br><br> vs. <br><br> ALLEN A. MITCHELL, M.D., <br> SAMUEL M. LESKO, M.D., and <br> TRUSTEES OF BOSTON UNIVERSITY, <br><br> Respondents. | Civil Action No. 04-mc-10137-WGY <br><br> **Related Civil Action:** <br> United States District Court for the Northern District of California, San Jose Division, Civil Action No. 03-CV-01116-HRL <br> KERRY LANGSTAFF and <br> BRADSHAW LANGSTAFF, <br> Individually, and on Behalf of <br> KAITLYN SIERRA LANGSTAFF, <br> a minor child, <br> vs. <br> MCNEIL CONSUMER & <br> SPECIALTY PHARMACEUTICALS, <br> a Division of MCNEIL-PPC, INC.; and <br> JOHNSON & JOHNSON. |

### AFFIDAVIT OF ERIKA GEETTER

1. I am an attorney in the Office of the General Counsel at Boston University, and I represent Respondents Allen A. Mitchell, Samuel M. Lesko, and Trustees of Boston University in the above-captioned case.

2. On November 4, 2003, our office accepted service of two subpoenas duces tecum—one for the Custodian of Records for Dr. Allen A. Mitchell and one for the Custodian of Records for Slone Epidemiology Center ("Slone"). The subpoenas, which contained identical document requests, were issued in connection with the case Langstaff, et al. v. McNeil, et al., a products liability case pending in the United States District Court for the Northern District of California ("Langstaff subpoenas"). Copies of these subpoenas can be found in Exhibit A to Petitioner's Motion to Compel.

3.  I was familiar with the subject matter of these subpoenas because on July 23, 2003, Dr. Mitchell and Slone had received identical subpoenas duces tecum in connection with the case <u>Madden, et al. v. Wyeth, et al.</u>, Civil Action No. 3-03-CV-0167R, pending in the United States District Court for the Northern District of Texas ("Madden subpoenas"). The plaintiffs in the <u>Madden</u> case are also represented by James Barber, who is lead counsel for the petitioners in the <u>Langstaff</u> case. On August 5, 2003, on behalf of Slone and Dr. Mitchell, I served Rule 45(c)(2)(B) objections upon Attorney Barber in connection with the Madden subpoenas, indicating, among other things, that the subpoenas were overbroad on their face and would impose significant burdens and expenses on Boston University. Exhibit 1.

4.  While I was aware that Rule 45(c)(2)(B) required that objections to the Langstaff subpoenas be served within 14 days, I miscalculated the running of that time period, and mistakenly believed that Dr. Mitchell and Slone's responses were due by Wednesday, November 19, 2003, instead of Tuesday, November 18, 2003. Therefore, when I served the objections on November 19, 2003, I was not aware that I was one day outside the 14-day time period.

5.  Prior to receiving my objections, Mr. Mark Mills, a paralegal in Mr. Barber's office, left a voicemail message with Todd Klipp, the University's General Counsel. Mr. Mills stated that Mr. Barber's office had previously received the objections to the subpoenas in the <u>Madden</u> case and that he assumed that the same arguments would be made regarding the current Langstaff subpoenas. He stated that he was calling to speak with Mr. Klipp about the objections Boston University was "probably going to file" in the <u>Langstaff</u> case to see if some of them could be worked out. Mr. Mills went on to say that his office would be filing a motion to compel, that they had retained local counsel in Boston, and that they would be pursuing the matter. Mr. Klipp forwarded this voicemail message to me.

6.      Based on this voicemail message from Mr. Mills, I believe that Petitioners were well aware, prior to receiving Dr. Mitchell and Slone's objection letter on November 19, 2003, that these parties would object to the Langstaff subpoenas on substantially similar grounds as they had objected to the Madden subpoenas. Thus Petitioners were not in any way prejudiced by the fact that they received the objections one day after the expiration of the 14-day period set forth in Rule 45(c)(2)(B).

Further affiant sayeth not.

Signed under the pains and penalties of perjury this __20th__ day of May 2004.

_Erika Geetter_
Erika Geetter